UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CIVIL ACTION NO. _____

**\*\*ELECTRONICALLY FILED\*\***

ERIE INSURANCE COMPANY                                    PLAINTIFF

v.

McQUEEN CONSTRUCTION , LLC;
    **Serve: McQueen Construction, LLC**
        **Christopher McQueen, Registered Agent**
        **800 Swindling Hollow Road**
        **Annville, Kentucky 40402-963**
TRAVIS NUNN;
    **Serve: Travis Nunn**
        **271 Brown Road**
        **Tyner, Kentucky 40486-906**

AND

BRANDI NUNN
    **Serve: Brandi Nunn**
        **271 Brown Road**
        **Tyner, Kentucky 40486-906**
                                                                          DEFENDANTS

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT

Comes now the Plaintiff, Erie Insurance Company (Erie), by and through counsel, and for its Verified Complaint for Declaratory Judgment, herein states as follows:

### VENUE AND JURISDICTION

1. That the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount of controversy exceeds the sum of $75,000.00, exclusive of interest and costs. The Court has personal jurisdiction over the Defendants.

2. That an actual controversy within the meaning of § 2201 exists between the parties.

3. That the amount of controversy, consisting of the benefits afforded by the subject Policy of insurance that forms the basis of this action ($500,000 per occurrence, $1,000,000 in the general aggregate), exceeds the sum of $75,000, exclusive of interest and costs.

4. That venue is proper in this Court as the claims which form the basis for this action are based on the allegations of the Complaint filed against Defendant McQueen Construction, LLC, which is pending in Jackson Circuit Court, Jackson County, Kentucky, Case No. 23-CI-00091.

## PARTIES

5. That this is an action pursuant to 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment regarding its rights and for the purposes of determining questions of actual controversy hereinafter more fully described between the parties.

6. That Erie Insurance Company is a corporation duly organized and existing under the laws of Pennsylvania, with its principal place of business being located at 100 Erie Insurance Place, Erie, Pennsylvania 16530. Erie is therefore considered a citizen and domiciliary of the State of Pennsylvania pursuant to 28 U.S.C. § 1332(c).

7. That the Defendant, McQueen Construction, LLC, is, upon information and belief, a Kentucky limited liability company with a principal office of 800 Swindling Hollow Road, Annville, Kentucky 40402, and is being named hereto to the extent it makes a claim for defense or indemnity benefits under the subject policy.

8. That the Defendant, Brandi Nunn, is, upon information and belief, a resident of 271 Brown Rd., Tyner, Kentucky 40486, and is thus subject to the jurisdiction of this Court.

9. That the Defendant, Travis Nunn, is, upon information and belief, a resident of 271 Brown Rd., Tyne, Kentucky, 40486, and is thus subject to the jurisdiction of this Court.

## NATURE OF ACTION

10. That this is an action pursuant to 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment regarding its rights and for the purposes of determining questions of actual controversy hereinafter more fully described between the parties.

11. That Erie states that this Complaint involves the interpretation of a commercial lines policy of insurance, identified as policy #Q61 01343131 (hereinafter the "Policy"), which was issued by Plaintiff to the Defendant, McQueen. A complete copy of the policy, including the declarations page, is attached hereto as **Exhibit A**. The provisions of the Policy are incorporated herein by reference as though they were set forth in full.

12. That Defendant, McQueen, was hired by Defendants, Travis and Brandi Dunn, to construct a home at 271 Brown Road, Tyner, Kentucky. Defendant, McQueen, commenced work at the property on February 14, 2022. The construction lasted from February 14, 2022 to February 2023.

13. That an action was brought by Defendants, Travis and Brandi Dunn, before this Court, which named McQueen as a defendant (See the Initial Complaint filed by the Nunns, attached hereto as **Exhibit B**).

## UNDERLYING ACTION

### I. FACTS/UNDERLYING CLAIMS JACKSON CIRCUIT COURT ACTION

14. That Defendants, Brandi and Travis Nunn, allege in their Complaint that McQueen's work performed at 271 Brown Road, Tyner, Kentucky was defective in that it was unfit for its intended purposes.

15. That the Complaint alleges that Defendant, McQueen Construction, LLC, has wrongfully billed for materials not used in construction during the project; has double billed for items used in construction during the project; has submitted bills for items not used in construction during the project; has charged Defendants, Brandi and Travis Nunn, for

work not performed in construction during the project; and has failed to repair defective work.

16. That the Complaint alleges that due to defects in construction, Defendants, Brandi and Travis Nunn, were required to retain the services of other contract laborers to complete the project and make repairs thereto.

17. That the Complaint alleges that Defendant, McQueen, is wrongfully claiming additional unjust compensation due to it.

18. That the Complaint alleges that Defendant, McQueen, wrongfully and unlawfully caused a "Statement of Mechanic's and Materialman's Lien KRS 376.010 est seq." to be filed in the Jackson Country Clerk's Office, recorded in Encumbrance Book 30, page 44, in the amount of $17,597.40.

## BACKGROUND OF CLAIMS
## COUNT I – COMMERCIAL POLICY

19. Erie adopts and incorporated by reference Numerical Paragraphs 1 through 16 herein as if they were fully and completely set forth in full.

20. That the Policy applies to "bodily injury" and "property damage" only if the "bodily injury" and "property damage" is caused by an "occurrence."

21. That the Policy contains an Endorsement, EPP4006, that replaces the Insuring Agreement; however, it maintains that the Policy applies to "bodily injury" and "property damage" only if the "bodily injury" and "property damage" is caused by an "occurrence."

22. That the Policy defines "property damage" as:
    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

23. That the Policy contains an Endorsement, EP0011KY, which adds the following to the definition of "property damage":

    **c.** "Property damage" does not include any loss, cost, or expense to correct any defective, faulty, or incorrect work performed by you or any contractors or subcontractors working directly or indirectly on your behalf.

24. That the Policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

25. That Endorsement, EPP0011KY, replaces the above definition of "occurrence," with "an incident including continuous exposure to substantially the same general harmful conditions." Property damage to "your work" will constitute an "occurrence" if al of the following conditions are met:

    a. The "property damage" to "your work" is included in the "products-completed operations hazard";

    b. The damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor; and

    c. The "property damage" is not expected or intended by you or anyone for whom you are legally responsible.

26. That the Policy defines "Your product" as:

    a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        i. You;

      ii. Others trading under your name; or

      iii. A person or organization whose business or assets you have acquired; and

      iv. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

  b. Includes:

      i. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

      ii. The providing of or failure to provide warnings or instructions.

  c. Does not include vending machines or other property rented to or located for the use of others but not sold.

27. That the Policy defines "Your Work" as:

  a. Work or operations performed by you or on your behalf; and

  b. Materials, parts or equipment furnished in connection with such work or operations.

  c. Includes:

      i. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

      ii. The providing of or failure to provide warnings or instructions.

28. That the Policy defines "Products-completed operations hazard":

  a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

      i. Products that are still in your physical possession; or

      ii. Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

          1. When all of the work called for in your contract has been completed.

          2. When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

          3. When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

      iii. Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

   b. Does not include "bodily injury" or "property damage" arising out of:

      i. The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

      ii. The existence of tools, uninstalled equipment or abandoned or unused materials; or

      iii. Products or operations for which the classification, listed in the Declarations or in a policy Schedule, states that products-completed operations are subject to the General Aggregate Limit.

29. That the Policy contains the following exclusion:

    2. Exclusions

    This insurance does not apply to:

        a. Expected Or Intended Injury

        "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

## DECLARATORY JUDGMENT

30. Erie adopts and incorporates by reference Numerical Paragraphs 1 through 29 herein as if they were fully and completely set forth.

31. That the Policy attached hereto as **Exhibit A**, provides the terms and conditions under which any duty to defend and indemnify exists on Erie's part.

32. That McQUEEN CONSTRUCTION, LLC is the named insured under the Policy, subject to its terms, conditions, and exclusions.

33. That based upon the clear and unambiguous language of the Policy, the claims found in the Complaint filed by Defendants, Brandi and Travis Nunn do not constitute an "occurrence" under the Policy.

34. That based upon the clear and unambiguous language of the Policy, the allegations of the Complaint filed by Defendants, Brandi and Travis Nunn, in whole or in part, do not constitute "property damage" under the Policy.

35. That to the extent that the claims found in the Complaint do not fall within the general grant of coverage or are otherwise excluded, Erie has no duty to defend or indemnify Defendant, McQueen from any claims brought by Brandi and Travis Nunn.

36. That a genuine and present controversy exists between the parties regarding the extent to which the subject Policy, issued by Erie, provides coverage to Defendant McQueen for

the claims brought by the Nunns in their Complaint, which said controversy must be adjudicated by this Court.

37. That the Plaintiff, Erie, has no adequate remedy at law, and this is a proper case in which the Court should declare the rights and liabilities of the parties to provide the parties relief from uncertainty and insecurity with respect to their rights and the status of future conduct, including the duty of paying damages for the underlying claims and the duty to defend Defendant McQueen from any claims or suits brought by the Nunns. Accordingly, this Court has jurisdiction over this controversy and should declare the rights of the interested parties.

WHEREFORE, the Plaintiff, Erie Insurance Company, requests judgment as follows:

1. That this Court determine and declare that the subject policy of insurance, identified as commercial lines insurance policy number Q61 0134131, provides no coverage to McQUEEN CONSTRUCTION, LLC, for any claims brought by Brandi and Travis Nunn.

2. That this Court determine and declare that the Defendants be required to answer this Complaint or be forever barred from asserting any claims against this Plaintiff for coverage under the insurance contract or claims arising therefrom, including, but not limited to, those claims asserted by Brandi and Travis Nunn in the Complaint.

3. Grant such other and further relief as may be just and proper; and

4. Plaintiff demands a trial by jury on all issues of fact.

This the 18th day of February, 2025.

Respectfully submitted,

PORTER, BANKS, BALDWIN & SHAW, PLLC

//s// *Darrin W. Banks*
Darrin W. Banks
327 Main Street
P.O. Drawer 1767
Paintsville, Kentucky 41240
Telephone: (606) 789-3747
Facsimile: (606) 314-0417
dbanks@psbb-law.com
*Counsel for Plaintiff, Erie Insurance Company*

## VERIFICATION

I, Bert Hackenberg, VP, Kentucky Branch, Erie Insurance Company, as a representative of the Plaintiff herein, hereby certify that I have read the foregoing Complaint or have had the same read to me and that all statements contained herein are true and correct as I verily believe.

Bert Hackenberg
Bert Hackenberg

STATE OF Kentucky )
COUNTY OF Fayette )

SUBSCRIBED AND SWORN TO before me, on this 18th day of December, 2024, by Bert Hackenberg, as a representative of the Plaintiff herein, personally known and identified to me, as his own free act and deed.

NOTARY PUBLIC

My Commission Expires: 2-13-27

OFFICIAL SEAL
KRISTINA ALYNN CARPENTER MILLER
NOTARY PUBLIC - KENTUCKY
STATE-AT-LARGE
My Comm. Expires Feb. 13, 2027
ID # KYNP 66801